318

*Walter E. Van Heiningen*, for appellee.

S96Y1874, S96Y1875, S96Y1876, S96Y1877, S96Y1878, S96Y1879,
S96Y1880, S96Y1882, S96Y1883, S96Y1884, S96Y1885, S96Y1886.
IN THE MATTER OF WILLARD FRANCIS GOODWIN.
(477 SE2d 826)

PER CURIAM.

These disciplinary proceedings involve the Respondent, Willard F. Goodwin's repeated violations of professional standards under Bar Rule 4-102 in connection with a number of real estate transactions. Based on the pattern of Goodwin's admitted misconduct, and on other factors, we order Goodwin disbarred from the practice of law in this state.

The Investigative Panel of the State Disciplinary Board directed the Office of General Counsel of the State Bar, pursuant to Bar Rule 4-208.1, to issue 12 Notices of Discipline, all seeking disbarment, against Willard F. Goodwin. The Investigative Panel based its finding of probable cause to believe Goodwin had violated various professional standards on Goodwin's conduct during 12 separate real estate transactions. In ten of the twelve, Goodwin represented the secondary mortgage company in a refinancing, from which company he received and held in a fiduciary capacity the funds with which he was to pay the first mortgagor for the balance of the first mortgage, as well as an amount which he was to pay the borrower. In these cases, Goodwin failed to pay the money over to the first mortgagor and the borrower, sent checks to the first mortgagor and borrower which were returned for insufficient funds, and wrote checks on an escrow account that had been closed. In most of these cases the borrower was left liable for two mortgages. In one of the cases, S96Y1874, Goodwin failed to distribute funds he held in trust to purchase a home warranty policy for the borrower, leaving the borrower liable for significant repairs which would have been covered under such a policy. In another case, S96Y1876, Goodwin maintained insufficient funds in an escrow account while he was acting as an issuing agent of a title company, authorized to issue the company's title insurance policies.[1]

The Investigative Panel found the above conduct violated the following professional standards under Bar Rule 4-102: Standard 3

---

[1] On July 1, 1996, with Goodwin's voluntary consent, this Court issued an order of emergency suspension under Bar Rule 4-108, suspending Goodwin's license to practice law in this state pending the final disposition of these disciplinary proceedings.

(engaging in illegal professional conduct involving moral turpitude); Standard 4 (engaging in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); Standard 45 (handling a matter which the lawyer knows or should know he is clearly incompetent to handle); Standard 61 (notifying a client of the receipt of the client's funds or property and promptly delivering those funds or property); Standard 65 (commingling and failure to account for trust property); and Standard 68 (failure to respond to disciplinary authorities in accordance with State Disciplinary Board Rules).[2]

Goodwin acknowledged service of the Notices of Discipline, but failed to file timely Notices of Rejection as set forth in Bar Rule 4-208.3 (a). Accordingly, Goodwin is in default. Bar Rule 4-208.1 (b).[3] We have reviewed the records in each of these proceedings and agree with the Investigative Panel that Goodwin's conduct violated the professional standards alleged and that, in light of the aggravating factors present, disbarment is appropriate. Those factors include: an apparent dishonest or selfish motive; a pattern of misconduct and multiple offenses; refusal to acknowledge the wrongful nature of the conduct; substantial experience in the practice of law (Goodwin was admitted to the Bar in 1973); and apparent indifference to making restitution. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (a), (b), (c), (d), (g), (i), and (j). Accordingly, Willard F. Goodwin is hereby disbarred from the practice of law in this state. He is reminded of his obligations to protect the interest of his clients as well as to comply fully with all requirements of Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[2] This charge is based on the fact that in a number of these cases Goodwin acknowledged service of the Investigative Panel's Notice of Investigation but failed to file a timely response.

[3] Although Goodwin did not file a Notice of Rejection to any of the Notices of Discipline, four days after the time expired for filing a Notice of Rejection, Goodwin filed pleadings in each of the twelve disciplinary proceedings against him, which pleadings he denominated "Answers" to each of the "complainants'" Notice of Discipline. In these "Answers," Goodwin essentially admitted the conduct alleged, but stated disbarment was not an appropriate remedy.